WILLIAM E. HALE, AS EXECUTOR, &c., OF BENJAMIN E. HALE, APPELLANT, v. WILLIAM H. H. ROGERS, RESPONDENT.

*Order for the examination of a party—what allegations do not establish the existence of a cause of action—materiality of the testimony—how it must be alleged—Rule 89.*

Upon an application for an order to compel the defendant to appear and be examined before the trial, the existence of a cause of action is not established by allegations in the affidavit, stating simply that the "action is brought to recover damages for certain breaches, on the part of defendant, of a contract in writing."

Although the affidavit may be made by the attorney the materiality of the testimony of the witness must be alleged, upon his own knowledge, or if it be made upon information, the sources thereof must be given.

APPEAL from an order made at a Special Term, denying an application for an order to compel the defendant to appear, and be examined.

The affidavit, upon which alone the motion was made, was made by the plaintiff's attorney, and stated among other things: "That this action was commenced by service of the summons and complaint on the defendant herein, on November 11, 1879; that this action is brought to recover damages for certain breaches on the part of defendant, of a contract in writing, under the hands and seals of the above-named Benjamin E. Hale and this defendant, for the manufacture and sale, according to lists of prices fixed or to be fixed by said Benjamin E. Hale, of printed wrapping paper; and judgment for a sum of money only is demanded by the complaint herein; that the said defendant, Rogers, has duly appeared herein by his attorney, Albert Roberts, office-address, 140 Nassau street, New York city; that the said attorney, Roberts, has moved this court, at a Special Term thereof, for an order requiring the complaint herein to be made more definite and certain, by stating the times when, the persons to whom, and the prices at which the said wrapping paper was sold in violation of the said contract; . . . . that the testimony of William H. H. Rogers, the defendant herein, is necessary and material to enable plaintiff to

frame the bill of particulars above referred to, and properly to maintain and prosecute this action, on the ground that the said Rogers has violated the terms of said contract by selling the said wrapping paper to divers persons, at divers times and places to deponent unknown, at prices less than those fixed by the said Benjamin E. Hale, in violation of the terms of the said contract; that the said sales were made by said Rogers, or his agents, in the course of defendant's business, which business was carried on during a series of years and in different parts of the United States, and without any inspection or control, or any right of inspection or control, on the part of the plaintiff or his testator herein; that the circumstances of time, place, and individuals to whom the said sales were made were not and are not within the knowledge of plaintiff or his testator; that plaintiff or his testator have had no means of discovering, nor have been guilty of any negligence in ascertaining said circumstances; that said circumstances are exclusively within the personal knowledge of defendant and his agents; that the only manner in which plaintiff can ascertain the facts and circumstances which are necessary to frame said bill of particulars, and maintain and prosecute this action, is to examine the defendant herein in regard to his personal knowledge of the transactions referred to herein, and the memoranda and entries relating thereto, made in the books and notes of account kept by defendant in his business of manufacturing and selling the said wrapping paper; that it is the purpose and intention of plaintiff to examine the said defendant, Rogers, as a witness, and to use his examination as evidence on the trial in this action; that no previous application for this order has been made to this court, or a judge thereof, by or on behalf of the plaintiff herein.

*Morris P. Ferris*, for the appellant.

*Albert Roberts*, for the respondent.

BARNARD, P. J.:

The order was properly denied. There is no proof of the materiality of the defendant to the prosecution of the action. There is really no proof that a cause of action exists against the defendant.

The affidavit is made by the attorney, who asserts that "this action is brought to recover damages for certain breaches on the part of defendant of a contract in writing . . . . . for the manufacture and sale . . . . . of printed wrapping paper." This is the only allegation. The existence of a cause of action is not established by an affidavit of what the action is brought for. The proof of materiality of the defendant is quite insufficient. The attorney for plaintiff makes affidavit "that the testimony of William H. H. Rogers, the defendant, is necessary and material to enable plaintiff to prove his bill of particulars above referred to, and properly to maintain and prosecute this action on the ground that the said Rogers has violated the terms of said contract by selling the said wrapping paper to divers persons at various times and places to deponent unknown, at prices less than those fixed by the said Benjamin E. Hale, in violation of the terms of said contract." The affidavit may be made by the attorney, but it must show the materiality of the witness either to the knowledge of the attorney, or it must show, if made on information, the sources of information upon which the attorney bases the allegation of the materiality of the party. The affidavit does not comply with Rule 89; no facts or circumstances are stated which show the examination of the defendant to be material and necessary. The existence of an action, without proof that it rests on a real breach of contract, and an affidavit by the attorney that the defendant's examination is necessary "properly to maintain and prosecute" it, is insufficient to justify the granting of the order asked for.

The order should be affirmed, with costs and disbursements.

DYKMAN, J., concurred.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order affirmed, with costs and disbursements.